912 F.2d 467
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry AUSTIN, Defendant-Appellant.
 No. 88-3350.
 United States Court of Appeals, Seventh Circuit.
 Argued March 1, 1990.
Decided Aug. 22, 1990.
 
 Before CUDAHY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Larry Austin was charged in a thirty-six count indictment. Austin and the government entered an oral plea agreement in which Austin agreed to plead guilty to the first three counts: Count One charging use of the mails in furtherance of a scheme to defraud; Count Two charging knowingly presenting a false claim to the IRS: and Count Three charging converting a thing of value of the United States to his own use. In return the government agreed to, among other things, inform the court at sentencing of any cooperation with the government provided by Austin.
 
 
 2
 Prior to the sentencing hearing, Austin filed a "Petition for Appointment of an Independent Pre-Sentence Investigator for Purposes of Preparing an Independent Pre-Sentence Investigation Report". The district court denied the petition and referred the cause to the probation department for a presentence investigation and report.
 
 
 3
 At the sentencing hearing, the district judge informed Austin that he had the right to say or submit anything he wished on his behalf and make any comments about the presentence report. Austin complained that in the preparation of the presentence report the probation officer interviewed only government witnesses and did not speak to the character witnesses whose names he submitted to the probation officer. The district judge reiterated that Austin could present any information on his own behalf in support of his character. Austin then reported that the three character witnesses would have testified to his honesty and hard work. During the sentencing hearing, the government did not mention any cooperation by Austin.
 
 
 4
 Austin was sentenced to five years of imprisonment on each of Count One and Count Two with the terms to run consecutively. On Count Three, sentence was suspended and Austin was placed on five years of probation to run consecutive to the terms of imprisonment.
 
 
 5
 The government's failure to inform the court of any cooperation by Austin amounts to a breach of the plea agreement and requires a remand. See Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495 (1971). Austin does not want to withdraw his plea, but he does want specific performance of the agreement by having the government inform the sentencing judge, on remand, of his cooperation. The government concedes, as it must, that a remand for resentencing is necessary on the issue of Austin's cooperation. Its brief states: "the United States acknowledges that the defendant did in fact cooperate in part with its criminal investigators prior to defendant's sentencing." Br. at 11. Accordingly, the sentence imposed on Austin must be vacated and the case remanded for resentencing.
 
 
 6
 Austin also argues that the district court erred by considering a presentence report which was not balanced because the probation officer did not contact character witnesses on his behalf. As we said in United States v. Jackson, 886 F.2d 838, 844 (7th Cir.1989), a federal probation officer is an extension of the court and has no adversarial role in the sentencing proceedings. The probation officer serves as a neutral information gatherer for the sentencing judge. Whether the probation officer interviews persons suggested by either the defendant or the government is within his professional discretion--an abuse of which is subject to review and correction by the sentencing judge. A defendant may object to error or omission in a presentence report but he may not dictate to a probation officer whom that officer interviews. A defendant is free to offer testimony or evidence on his behalf at sentencing--its admission, of course, is subject to the discretion of the judge.
 
 
 7
 We do not find any error on the part of the district court. The judge emphasized the right of allocution and made findings regarding controverted factual issues. On remand, the district court can determine whether or not to consider the testimony of Austin's character witnesses.
 
 
 8
 The final contention of Austin is that the district court erred in denying his motion to appoint an independent presentence investigator to replace the probation officer. As we indicated, a federal probation officer is a neutral information gatherer acting on behalf of the court. He does so pursuant to statute, 18 U.S.C. Sec. 3601 et seq. While some criminal defendants present their own "presentence reports," the preparation of such documents is not an aspect of any right guaranteed a defendant by either the Constitution or statute. The district court's denial of the motion was not an abuse of discretion. We affirm the denial.
 
 
 9
 The sentence imposed on the defendant is VACATED, and the case is REMANDED for resentencing. Circuit Rule 36 shall not apply on remand.